**SIMPLICITY MANUFACTURING COMPANY, Plaintiff-Appellee,**

v.

**QUICK MFG., INC., Defendant-Appellant.**

**No. 16167.**

United States Court of Appeals Sixth Circuit.

Jan. 14, 1966.

Rehearing Denied March 11, 1966.

Passmore, Milwaukee, Wis., of counsel,
for appellee.

Before WEICK, Chief Judge, and
PHILLIPS and CELEBREZZE, Circuit
Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from a judgment of
the District Court holding valid and in-
fringed claims 1, and 5 through 8 of
Patent No. 2,903,007 granted Igor Kam-
lukin [1] on September 8, 1959 for a soil
tilling device. The parties will be re-
ferred to as Plaintiff and Defendant, re-
spectively.

The Kamlukin Patent is a combination
patent composed of admittedly well
known elements which when combined
provide for power reversing of a rotor-
propelled soil tilling device. This de-
vice consists of a simple chassis or frame
upon which is mounted a soil tilling ro-
tor, a gasoline engine, and a pair of
handles which project upwardly and
rearwardly from the chassis to enable
the operator to walk behind the machine
and guide it over the ground to be tilled.
The reversing transmission is easily con-
trollable by the operator to effect retro-
grade rotation of the rotor. The op-
erator only has to push a button or move
a lever to cause the tiller to reverse it-
self and move backwardly up onto the
tilled ground behind it. The tines,
which dig into the ground and break up
the soil, have a hoe means on the end
which lift the rotor up onto the surface
of the tilled soil and walk backwardly
as a consequence of the retrograde rota-
tion of the rotor. This power reversi-
ble, rotor-propelled tiller is the alleged
invention disclosed by the Kamlukin Pat-
ent.

Prior to the substantial use of the ro-
tor-propelled tiller, the plaintiff and de-
fendant manufactured wheel driven till-
ers. These tillers were used mainly by
professionals, and hence the market was
limited. In all wheel driven tillers, the
tine rotor was located behind the wheels,
close to the feet of the operator. This

Irvin V. Gleim, Dayton, Ohio, Ed-
ward M. Tritle, Dayton, Ohio, on brief,
for appellant.

Ira Milton Jones, Milwaukee, Wis.,
Dybvig & Dybvig, H. Talman Dybvig,
Dayton, Ohio, on brief; Ira Milton
Jones, Milwaukee, Wis., Eric William

1. Plaintiff-Appellee is assignee of Patentee Kamlukin.

presented a hazard to the operator. The location of the rotor behind the wheels also had the disadvantage of preventing use of such a machine for tilling close to trees, bushes, and the like.

The power reversible rotor-propelled tiller is especially adaptable for use in small garden plots. In such small plots, it is often necessary to move the tiller away from trees, bushes, and other obstacles. In the rotor-propelled tiller, the rotor is at the front of the chassis, ahead of the wheels and therefore can be used to work up ground adjacent to any obstacle. The power reversible tiller enabled even a woman or child to easily operate the machine.

For many years prior to the invention covered by the patent in suit, the usual procedure that had to be followed when tilling near an obstacle was to guide the tiller forwardly toward the obstacle until the machine had been brought as close as possible to the obstacle. The operator would then declutch the rotor from the engine in order to prevent the tiller from continuing its forward motion, push down on the handles so as to rock the tiller about on its wheels, and thus raise the rotor out of the soil. It then became necessary to manually wrestle the tiller away from the obstacle, or drag it bodily rearwardly to a position from which it could cut a new furrow or turn it so that it could be brought to till in a forward direction when the clutch was re-engaged. In either case the wheels of the tiller were partially buried in loose earth, making it necessary for the operator to turn and pull the tiller away from the obstacle, which required a substantial amount of muscular effort. Until the invention of the patent in suit, the only solution found for the problem was a hinged depth stake which merely made it feasible for the operator to drag the machine rearwardly by muscular effort.

The essential thrust of the defendant's defense is that the Kamlukin Patent fails for lack of novelty (anticipation by prior use, 35 U.S.C., § 102), and lack of invention (obviousness to others in the art, 35 U.S.C., § 103).

The findings of fact of the District Court in a patent case are binding on this Court, unless they are clearly erroneous. Toledo Scale Corp. v. Westinghouse Electric Corp., 351 F.2d 173 (C.A.6, 1965) decided October 9, 1965; Maytag Company v. Murray Corp. of America, 318 F.2d 79 (C.A.6, 1963). Also, a presumption of validity attaches to a patent once it has been issued by the Patent Office. 35 U.S.C. § 282; Aluminum Company of America v. Sperry Products, Inc., 285 F.2d 911 (C.A.6, 1960), cert. denied, 368 U.S. 890, 82 S.Ct. 139, 7 L.Ed.2d 87.

Three necessary elements to sustain a patent are invention, novelty, and utility. Harvey v. Levine, 322 F.2d 481 (C.A.6, 1963), Monroe Auto Equipment Co. v. Heckethorn Manufacturing & Supply Co., 332 F.2d 406 (C.A.6, 1964). It is here admitted the Kamlukin Patent is a combination patent of old and well known elements. Such a patent is strictly rather than liberally construed. Bobertz v. General Motors Corp., 228 F.2d 94 (C.A.6, 1955). However, even though the elements of a combination are old and well known, if the combination is new and the result useful, it is patentable. Williams Manufacturing Co. v. United Shoe Machinery Co., 316 U.S. 364, 62 S.Ct. 1179, 86 L.Ed. 1587 (1942), National Latex Products v. The Sun Rubber Co., 274 F.2d 224 (C.A.6, 1959), Coleman Co. v. Holly Manufacturing Co., 233 F.2d 71 (C.A.9, 1956), cert. denied 352 U.S. 952, 77 S.Ct. 326, 1 L.Ed.2d 243.

Defendant contends the prior art references contain disclosures which negative patentability of the Kamlukin patent. As this Court stated in Maytag Company v. Murray Corporation of America, 318 F.2d 79, 81:

"The test of invention where old elements are used in the alleged invention is whether those elements are used in a manner different from the previously known use in such a way that the alleged invention would not have been obvious to one skilled in the art. (Citations omitted) In-

vention under this test is a question of fact." (Citations omitted)

The prior art is not to be viewed with the aid of hindsight.

Most of the prior art offered into evidence by the defendant did not add anything of anticipatory significance to the art that was before the Patent Office Examiner. The defendant places reliance on three patents not before the Patent Examiner: Hotchkis, British Patent No. 298,199, Quick Patent No. 2,847,924, and Gravely Patent No. 1,944,789.

The soil tilling machine disclosed by the Hotchkis patent did not include a reversing drive transmission means, with controls readily accessible to the operator. It appears from the patent that the direction of tilling was determined by the direction in which the engine was started. The patent did not teach non-tilling rearward propulsion of a rotor-propelled tiller. The Quick patent was not power reversible. The Gravely patent, which did have a reversing drive transmission, was not a soil tilling machine, and like the Hotchkis patent, there was no suggestion of a hoe means on the ends of the tines to lift the rotor up onto the soft surface of the tilled soil as a consequence of retrograde rotation of the rotor.

There is substantial evidence in the record to support the finding that prior to the Kamlukin invention, single purpose soil tilling machines were difficult to use in small areas, where it was necessary to manually drag the machine rearwardly. The power reversal of the Kamlukin machine not only made it simple to back away from a tree or other obstacle, it broadened the market to women and children, and met with commercial success.[2]

The Kamlukin patent taught a more advantageous way[3] of operating a soil tilling machine, and did increase the efficiency[4] of the machine. We cannot say that the construction was the product of ordinary skill rather than inventive insight since the record discloses that others, without success, including the defendant, were attempting for some time to obtain a soil tilling machine which could be operated rearwardly without muscular effort. Others could have done it, it now looks simple, but the fact remains none accomplished it before Kamlukin put together a combination of elements synchronized in a manner to achieve a result which for many years had been elusive to those trained in the art. Defendant contends that the combination of these elements would have been obvious to a man skilled in the art at the time the invention was made. We cannot give credence to defendant's contention. The record is clear that for many years the problem of a simple reverse method was a constant source of inconvenience and complaint to manufacturers of rotor-propelled tillers. The fact that the problem was unsolved for so long, in the face of all the industry's effort over the years, gives credence to plaintiff's contention that the Kamlukin combination was anything but obvious to those skilled in the art. It was Kamlukin's ingenuity and resourcefulness in combining the elements necessary which overcame the deficiences so long prevalent in the art. His ingenuity and re-

---

**2.** In a close case commercial success may be a relevant consideration. Aluminum Company of America v. Sperry Products, Inc., 285 F.2d 911 (C.A.6, 1960) cert. denied, 368 U.S. 890, 82 S.Ct. 139, 7 L. Ed.2d 87 (1961); Monroe Auto Equipment Company v. Heckethorn Manufacturing & Supply Co., 332 F.2d 406 (C.A. 6, 1964).

Prior to the sale of the patent tiller here in issue, the plaintiff-appellee sold 8,351 single purpose tillers in 1956 and 12,365 in 1957. In 1958, plaintiff-appellee sold 19,849 units of the patent

tiller here in issue and in 1959, 26,810 units for a total market value of $6,-812,000.00.

**3.** Adams v. Columbia Manufacturing, Inc., D.C., 180 F.Supp. 921, 124 U.S.P.Q. 92; Robertson Rock Bit Co. v. Hughes Tool Co., 176 F.2d 783 (C.A.5, 1949).

**4.** Minneapolis-Honeywell Regulator Co. v. Midwestern Instruments, Inc., 298 F.2d 36 (C.A.7, 1961); Mojonnier Dawson Co. v. United States Dairies Sales Corp., 251 F.2d 345 (C.A.7, 1958), cert. denied 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed.2d 1148.

sourcefulness brought about a result which the prior art inventors were unable to conceive or anticipate.

■ We find there is substantial evidence to support the findings of the District Court and the judgment of the District Court is affirmed.

## ORDER

This matter is before the Court on petition for rehearing of the Defendant-Appellant, Quick Mfg., Inc., together with the supplemental memorandum calling to the Court's attention the decision of the United States Supreme Court in Cases 11, 37 and 43, October Term, 1965, Graham et al. v. John Deere Company of Kansas City et al., etc., 86 S.Ct. 684, decided February 21, 1966. We have also considered the decision of the Supreme Court in the case of United States v. Adams, et al., 86 S.Ct. 708, decided on the same date.

Upon consideration it is ordered that the petition of the Defendant-Appellant, Quick Mfg., Inc., for reconsideration of this Court's order affirming the judgment of the District Court be, and it is hereby, overruled.